UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Coalition for a Sustainable Delta, et al.,<br><br>          Plaintiffs,<br>     v.<br><br>John Carlson, Jr., in his official capacity as Executive Director of the California Fish and Game Commission, et al.,<br><br>          Defendants. | 2:08-cv-00220-FCD-KJM<br><br>NOTICE OF INTENT TO TRANSFER CASE AS RELATED TO CASE 1:05-cv-01207-OWW-GSA, *NRDC v. KEMPTHORNE* AND 1:06-cv-00245-OWW-GSA, *PCFFA v. GUTIERREZ* UNDER EASTERN DISTRICT LOCAL RULE 83-123 |

   This case has been referred from U.S. District Judge Frank C. Damrell, Jr., under the Eastern District of California Local Rules governing related cases, Rule 83-123.

   On January 29, 2008, the Coalition filed a complaint for declaratory and injunctive relief ("Complaint") against John Carlson, Jr., in his official capacity as Executive Director of the California Fish and Game Commission; Richard Rogers, in his official capacity as President of the California Fish and Game Commission; Cindy Gustafson, in her official capacity as Vice President of the California Fish and Game Commission; Jim Kellogg, in his official capacity as Member of the California Fish and Game Commission; Michael Sutton, in his official capacity as Member of the California Fish and Game Commission; the California Fish and Game Commission ( collectively "CFGC");

John McCamman, in his official capacity as Interim Director of the California Department of Fish and Game; and the California Department of Fish and Game (collectively, "CDFG").  The Coalition filed the Complaint in the Sacramento Division of the Eastern District of California under 16 U.S.C. § 1540(g)(3)(A), the citizen suit provision of the Endangered Species Act ("ESA"), which provides that venue is appropriate "in the judicial district in which the violation occurs."

Plaintiffs are a coalition of agricultural water users in the San Joaquin Valley that depend on State Water Project ("SWP") water deliveries from the Delta, water districts that contract for SWP water with the Kern County Water Agency, and one individual who uses the Delta for recreational purposes.  The crux of the Coalition's Complaint is that CFGC's and CDFG's maintenance and enforcement of striped bass fishing regulations cause the unlawful "take" of four species of ESA "listed" fish including the Sacramento River winter-run Chinook salmon ("winter-run Chinook"), the Central Valley spring-run Chinook salmon ("spring-run Chinook"), the Central Valley steelhead ("CV steelhead"), and the Delta smelt (collectively, "Listed Species").  Through the adoption and enforcement of the striped bass fishing regulations, which include bag and size limitations, CFGC and CDFG have allegedly allowed and encouraged the population of the non-native striped bass to thrive in Delta. According to the Complaint, the striped bass prey upon and consume the Listed Species, and this is one of several causes of the population declines of the Listed Species.  The striped bass regulations encourage that species' population growth, which

will, in turn, cause further decline of the population of the Listed Species.

The *Kempthorne* (1:05-cv-01207-OWW-GSA) and *Gutierrez* (1:06-cv-00245-OWW-GSA) cases are pending before this court. *Kempthorne* involves the threatened Delta smelt species. The Coalition's Complaint contains numerous references to the *Kempthorne* case, and this court's order denying the *Kempthorne* plaintiffs' motion for a temporary restraining order after entry of summary judgment. At a remedies hearing held in *Kempthorne* in the latter part of August 2007, following a seven-day evidentiary hearing focused on the causes of the decline of the Delta smelt population, all parties in the *Kempthorne* case agreed that one of the causes of the Delta smelt's decline was the introduction of non-native species, including the striped bass at issue in this case. The Coalition's Complaint focuses on one aspect of the Delta smelt's decline, which is the subject of the remedies hearing, the remedial order now in place, and the overall decline of the Delta smelt at issue in the *Kempthorne* case.

The alleged decline of the winter-run Chinook, the spring-run Chinook, and the CV steelhead species are at issue in the *Gutierrez* case. Cross-motions for summary judgment regarding the effects of Central Valley Project and California Department of Water Resources project operations on the populations of these species are under submission for decision. The parties in the *Gutierrez* case agree that depending on the outcome of the court's decision, a remedies hearing similar to that held in the *Kempthorne* case may be necessary. Any remedies hearing will address other causes, including the Central Valley Project and

3

California Department of Water Resources joint project operations as responsible for population decreases of these species, including predation by other species.

Local Rule 83-123 (a copy of which may be obtained at the court's website www.caed.uscourts.gov) provides:

> An action is related to another action within the meaning of this Rule when
>
> > (1) both actions involve the same parties and are based on the same or a similar claim;
> >
> > (2) both actions involve the same property, transaction or event;
> >
> > (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; <u>or</u>
> >
> > (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

E.D. Local Rule 83-123(a) (emphasis added). Additionally, the Local Rule provides that counsel has a duty to file a Notice of Related Cases when counsel "has reason to believe that an action on file or about to be filed is related to another action on file (whether or not dismissed or otherwise terminated) . . . ." E.D. Local Rule 83-123(b).

*Kempthorne*, *Gutierrez*, and this case all involve ESA claims regarding the same Listed Species. All three cases address the causes of the population declines of the Listed Species in the Delta. The governing law is substantially the same. Facts about predatory species' effects on the Listed Species are before this court. The Complaint also alleges the Coalition has been injured

by this court's December 2007 injunctive relief awarded to the plaintiffs in the *Kempthorne* case.  Compl. ¶¶ 40, 41, 42, 43, and 44.

The parties shall, within fifteen (15) days, show cause, if any, why the above-captioned case should not be transferred to this court as related to the *Kempthorne* and *Gutierrez* cases to avoid needless expenditures of judicial resources.  All three actions involve similar questions of fact and law.  Assignment to a single judge will effect a substantial savings of judicial effort preventing both a duplication of labor by different judges and potentially inconsistent decisional results.

The Coalition shall serve a copy of this Notice of Intent to Transfer Case ("Notice") on the named defendants within five (5) days after service by the clerk of this Notice.  The Coalition shall also file a proof of service indicating the named defendants were served with a copy of this Notice.

**IT IS SO ORDERED.**

Dated:   February 14, 2008              /s/ Oliver W. Wanger
                                        **UNITED STATES DISTRICT JUDGE**