UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION FOR A SUSTAINABLE DELTA, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>JOHN CARLSON, JR., in his official capacity as Executive Director of the California Fish and Game Commission, *et al.*,<br><br>                    Defendants,<br><br>CENTRAL DELTA WATER AGENCY, *et al.*,<br><br>     Defendant-Intervenors,<br><br>CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, *et al.*,<br><br>   Proposed Defendant-Intervenors. | 1:08-CV-00397 OWW GSA<br><br>ORDER GRANTING CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, ET AL.'S UNOPPOSED MOTION TO INTERVENE (DOC. 28) |

I.   INTRODUCTION

The California Sportfishing Protection Alliance ("CSPA") and its affiliate sport fishing organizations, the California Striped Bass Association and the Northern California Council of Federation of Fly Fishers, (collectively "Applicants") move for leave to intervene in this case as of right pursuant to Federal Rule of Civil Procedure 24(a), or in the alternative to permissively intervene under Rule 24(b).  (Doc. 28, filed May 19, 2008.)  Plaintiffs, State Defendants, and Defendant Intervenors

1

Central Delta Water Agency, *et al.*, have filed statements of non-opposition. (Doc. 34, filed June 13, 2008; Doc. 35, filed June 25, 2008; Doc. 37, filed June 30, 2008.)

## II. BACKGROUND

### A. The Claims in This Case.

The Complaint for declaratory and injunctive relief challenges the adoption and enforcement of sportfishing regulations for striped bass in the Sacramento-San Joaquin Delta ("Delta"). These regulations were adopted by the California Fish and Game Commission (the "Commission") and are enforced by the California Department of Fish & Game ("CDFG")(collectively, "State Defendants"). (Doc. 1.) The Complaint was summarized in the recent notice of intent to relate this case to *NRDC v. Kempthorne*, 1:05-cv-1207, and *PCFFA v. Guitierrez*, 1:06-cv-00245:

> Plaintiffs are a coalition of agricultural water users in the San Joaquin Valley that depend on State Water Project ("SWP") water deliveries from the Delta, water districts that contract for SWP water with the Kern County Water Agency, and one individual who uses the Delta for recreational purposes. The crux of the Coalition's Complaint is that CFGC's and CDFG's maintenance and enforcement of striped bass fishing regulations cause the unlawful "take" of four species of ESA "listed" fish including the Sacramento River winter-run Chinook salmon ("winter-run Chinook"), the Central Valley spring-run Chinook salmon ("spring-run Chinook"), the Central Valley steelhead ("CV steelhead"), and the Delta smelt (collectively, "Listed Species"). Through the adoption and enforcement of the striped bass fishing regulations, which include bag and size limitations, CFGC and CDFG have allegedly allowed and encouraged the population of the non-native striped bass to thrive in Delta. According to the Complaint, the striped bass prey upon and consume the Listed Species, and this is one of several causes of the population declines of the Listed Species. The striped bass regulations encourage that species' population growth, which will, in turn, cause further decline of the population of the Listed Species.

(Doc. 7 at 2-3.)

B. <u>The Applicants</u>.

CSPA is a 510(c)(3) non-profit organization whose mission is to protect, preserve and enhance the fisheries and associated aquatic and riparian ecosystems of California's waterways, including the San Francisco Bay/Delta. (Doc. 28-4, Decl. of Jim Crenshaw, at ¶4.) CSPA's mission is "implemented through active participation in water rights and water quality processes, educating and organizing the fishing community, restoration efforts and vigorous enforcement of environmental laws enacted to protect fisheries, habitat and water quality. (*Id*. at ¶5.)

CSPA's members and members of its affiliate sport fishing organizations, including the California Striped Bass Association and the Northern California Council of the Federation of Fly Fishers, regularly use and enjoy the Bay/Delta's rivers, streams, wildlife, and other natural areas for a variety of recreational, aesthetic, educational, and scientific purposes, including, but not limited to, hiking, fishing, swimming, boating, wildlife observation, scientific research, photography, nature study, and aesthetic appreciation. (Doc. 28-2 at 6.) Individual members of CSPA, including its current President, Jim Crenshaw, derive "moral, spiritual, aesthetic and recreational" benefit from the existence and conservation of striped bass and its habitat in the Delta. (Doc. 28-4 at ¶2; Doc. 28-2 at 6.) Some members of the CSPA have businesses and livelihoods in the agriculture and recreational fishing and boating industries, which are directly affected by Bay/Delta water management programs and this lawsuit. (Doc. 28-2 at 6.) Moreover, members of CSPA regularly "exercise

3

their rights to fish under the California Constitution, Section 25." *(Id.)*

### III.   DISCUSSION

Applicants move to intervene as of right or, in the alternative, to permissively intervene.

**A.   Intervention as of Right.**

    **1.   Legal Standard.**

Intervention is governed by Federal Rule of Civil Procedure 24. To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1993). The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well-pleaded, non-conclusory allegations in the motion as true absent sham, frivolity or other objections." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). A four part test is used to evaluate a motion for intervention of right:

    (1) the motion must be timely;

    (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

    (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

    (4) the applicant's interest must be inadequately represented by the parties to the action.

*Forest Conservation Council*, 66 F.3d at 1493.

**2.  Timeliness**.

In assessing timeliness, courts in the Ninth Circuit must consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Applicants moved to intervene on April 15, 2007. (Doc. 19.) Existing parties are not prejudiced when "the motion was filed before the district court made any substantive rulings." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). Here, no substantive rulings have been made in this case, no scheduling conference has been held, and no discovery has commenced. The case was filed January 29, 2008. The motion to intervene is timely.

**3.  Significant Protectable Interests**.

To demonstrate a "significantly protectable interest," "a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Id*. Here, among other remedies, Plaintiffs seek to enjoin State Defendants from enforcing existing striped bass sport fishing regulations. (Doc. 1 at 27, Prayer 2.) It is undisputed that eliminating the ability of State Defendants to enforce existing striped bass sport fishing regulations would threaten the continued viability of the recreational striped bass fishery, in which Applicants claim an interest.

**4.  Impairment of Interests**.

Finally, disposition of this action may, as a practical

5

matter, impair or impede Applicants' abilities to protect their interests.  This requirement demands only a showing that the applicant "would be substantially affected in a practical sense by the determination made in an action." *Southwest Ctr. for Biodiversity*, 268 F.3d at 822.  It is undisputed that, should an injunction issue against State Defendants' enforcement of sport fishing regulations regarding striped bass, the Applicants' interests in the continued viability of that fishery would be significantly impaired or impeded.

        5.    <u>Existing Parties' Ability to Represent Applicants' Interests</u>.

The remaining issue is whether Applicant's interests are adequately protected by other defendants or defendant-intervenors.  In assessing the adequacy of representation, the Ninth Circuit looks at three factors:

    (1)    whether the existing parties will undoubtedly make all of the applicant's arguments;

    (2)    whether the existing parties are capable of and willing to make the applicant's arguments; and

    (3)    whether the applicant offers a necessary element to the proceedings that otherwise would be neglected.

*Id.* at 823.  "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate....[T]he burden of making this showing is minimal."  *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

Here, Applicants' interests diverge from existing Defendants and Defendant-Intervenors in several respects.  First, Applicant asserts that it is "in a somewhat adversarial

6

**position" vis-a-vis CDFG over "their neglect of fisheries in the Bay/Delta." (Doc. 28-2 at 10-11.) CSPA "believes that [C]DFG has failed to protect the aquatic environment in California as required by law." (*Id.* at 11.) Specifically "in regard to Delta smelt, Central Valley salmon, Steelhead, and striped bass," Applicants "believe that [C]DFG has yielded to political pressure from the Kern parties and others." (*Id.*) In addition, Applicant claims it will "offer a necessary perspective on the issues that other parties will undoubtedly neglect," namely, that "California anglers...will bear the brunt of [any] decision" to invalidate the striped bass regulations at issue in this case. (*Id.*) These are sufficiently unique interests to entitle Applicants to intervention.**

## **IV. CONCLUSION**

**Applicants satisfy all of the requirements for intervention as a matter of right. It is not necessary to address Applicants' alternative request for permissive intervention. Accordingly, Applicants' unopposed motion to intervene as a matter of right is GRANTED, conditioned upon strictly limiting their participation to issues about which they can provide unique information and/or arguments. Further conditions on combined briefing length or other measures to avoid duplication may be imposed at the case management conference.**

IT IS SO ORDERED.

**Dated: July 23, 2008** **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE