EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
DEBORAH A. WORDHAM, State Bar No. 180508
Deputy Attorney General
DANIEL M. FUCHS, State Bar No. 179033
Deputy Attorney General
CLIFFORD T. LEE, State Bar No. 74687
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 323-3549
 Fax:  (916) 327-2319
 E-mail:  Daniel.Fuchs@doj.ca.gov
*Attorneys for John McCamman, Acting Director,
Department of Fish and Game*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COALITION FOR A SUSTAINABLE DELTA, BELRIDGE WATER STORAGE DISTRICT, BERRENDA MESA WATER DISTRICT, LOST HILLS WATER DISTRICT, WHEELER RIDGE-MARICOPA WATER STORAGE DISTRICT, AND DEE DILLON,**<br><br>                                Plaintiffs,<br><br>      v.<br><br>**JOHN McCAMMAN, Acting Director, California Department of Fish and Game,**<br><br>                                Defendant,<br><br>**CENTRAL DELTA WATER AGENCY, et al.,**<br><br>                                Defendant-Intervenors,<br><br>**CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, et al.,**<br><br>                                Defendant-Intervenors. | 1:08-CV-00397-OWW-GSA<br>(Related to Case Nos. 1:05-CV-022-GSA and 1:06-CV-00245-OWW-GSA)<br><br>**STIPULATION RE DISCOVERY AND INJUNCTIVE RELIEF; ORDER** |

PDF created with pdfFactory trial version www.pdffactory.com

**STIPULATION**

Plaintiffs Coalition for a Sustainable Delta, Belridge Water Storage District, Berrenda Mesa Water District, Lost Hills Water District, Wheeler Ridge-Maricopa Water Storage District, and Dee Dillon (Plaintiffs); Defendant John McCamman, Acting Director, California Department of Fish and Game (State Defendant); Intervenors Central Delta Water Agency, South Delta Water Agency, Honker Cut Marine, Inc., Rudy Mussi and Robert Souza (CDWA et al.); and Intervenors California Sportfishing Protection Alliance, California Striped Bass Association, and Northern California Council of Federation of Flyfishers (CSPA et al.) hereby stipulate and agree as follows:

**RECITALS**

A.  Whereas Plaintiffs have propounded discovery regarding the State Defendant's efforts to enforce the California Fish and Game Commission's Striped Bass Sportfishing Regulation, 14 C.F.R. § 5.75 (the Regulations), as follows:

1)  Interrogatories Nos. 11, 12, 13, 14, 15, 21, 22, and 23 of Plaintiff Dee Dillon's First Set of Interrogatories Propounded to Defendant Donald Koch[1];

2)  Requests for Admission Nos. 46, 47, 48, 49, and 50 of Plaintiffs' Third Set of Requests for Admission to Defendant Donald Koch;

3)  Request for Production No. 117 of Plaintiffs' Eighth Request for Production of Documents to Defendant Donald Koch to the extent the request for production requests the State Defendant to produce documents identified in responding to Interrogatories Nos. 11, 12, 13, 14, 15, 21, 22, and 23 of Plaintiff Dee Dillon's First Set of Interrogatories Propounded to Defendant Donald Koch; and

4)  Paragraph (B) of Plaintiffs' November 17, 2009 Notice of Deposition of the California Department of Fish and Game (DFG) setting a deposition date of December 15, 2009; and

---

[1] Defendant Donald Koch has retired as Director, and John McCamman is Acting Director, of the California Department of Fish and Game (DFG), and the caption has been amended to reflect this fact.  Fed. R. Civ. Proc. 25(d).

B. Whereas the State Defendant has objected to the discovery requests listed in Recital A on the grounds, inter alia that:

> These interrogatories relate solely to the question of whether an injunction by this Court against the State Defendant enjoining the enforcement of the DFG Striped Bass Sport Fishing Regulations would benefit or harm the public or the public interest, or whether the Court should consider the balancing of hardships and interests in considering a request for injunctive relief. However, the plaintiffs' claims as set forth in theír amended complaint for declaratory and injunctive relief arise exclusively under the Federal Endangered Species Act (ESA). The U,S. Supreme Court decision in *TVA v. Hill*, prohibits the Court's consideration of the benefit or harm to the public or to the public interest or the balancing of hardships and interests in considering any injunctive remedy for violation of the ESA. *TVA v. Hill,* 437 U.S. 153, 193-195 (1978); *National Wíldlife Federation v. National Marine Fisheries Service*, 422 F.3d 782, 793-794 (9th Cir. 2005).

B. Whereas Plaintiffs propounded discovery requests to the CDWA et al. and to CSPA et al., including requests relating to whether an injunction by the Court against the State Defendant enjoining the enforcement of the Regulations would benefit or harm the public or the public interest or whether the Court should consider the balancing of hardships and interests.

**AGREEMENT**

Now therefore, to resolve the discovery disputes and to reduce the issues in this litigation, the parties stipulate and agree that, subject to the approval of the Court:

1. Plaintiffs shall withdraw the discovery requests identified in Recital A of this Agreement, including the deposition notice setting a deposition for December 15, 2009.

2. The State Defendant, CDWA et al., and CSPA et al. shall each and all not oppose, by legal argument or evidence, any request by Plaintiffs for injunctive relief on the grounds that enjoining the enforcement of the striped bass sport-fishing regulations would harm the public or the public interest or that the balancing of hardships and interests of the parties does not favor the issuance of the injunction.

3. No party to this Agreement waives its right to make arguments regarding the Central Valley Project Improvement Act.

4. The State Defendant, CDWA et al., and CSPA et al., each and all, do not waive their right to argue that *TVA v. Hill*, *supra*, was wrongly decided with regard to the factors affecting a request for injunctive relief based on the Endangered Species Act, and the State Defendant,

CDWA et al., and CSPA, each and all, shall not be required to make any offers of proof or present evidence in support of such argument.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: December 14, 2009 | EDMUND G. BROWN JR.<br>Attorney General of California |
|  | By  /s/ *Deborah A. Wordham* |
|  | DEBORAH A. WORDHAM<br>CLIFFORD T. LEE<br>DANIEL M. FUCHS<br>Deputy Attorneys General<br>*Attorneys for John McCamman, Acting Director, Department of Fish and Game* |
| Dated: December 14, 2009 | NOSSAMAN LLP<br>ROBERT D. THORNTON<br>PAUL S. WEILAND<br>HENRY S. WEINSTOCK<br>BENJAMIN Z. RUBIN |
|  | By  /s/ *Henry S. Weinstock* |
|  | HENRY S. WEINSTOCK<br>*Attorneys for Plaintiffs Coalition for a Sustainable Delta, et al.* |
| Dated: December 14, 2009 | NOMELLINI, GRILLI & MCDANIEL<br>PROFESSIONAL LAW CORPORATION |
|  | BY  /s/ *Daniel A. McDaniel* |
|  | DANIEL A. MCDANIEL<br>*Attorneys for Defendants in Intervention Central Delta Water Agency, et al.* |

3

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| Dated:  December 14, 2009 | MICHAEL B. JACKSON |
| | By  /s/ Michael B. Jackson |
| | MICHAEL B. JACKSON |
| | *Attorneys for Defendants in Intervention California Sportfishing Protection Alliance, et al.* |

**ORDER**

IT IS SO ORDERED.

Date:  December 15, 2009                   /s/ OLIVER W. WANGER
                                           Oliver W. Wanger
                                           District Court Judge

SA2008300616
30912129.doc

4

Stipulation and Order Re Discovery and Argument of Certain Issues by Defendants
(1:08-CV-00397-OWW-GSA)

PDF created with pdfFactory trial version www.pdffactory.com